Lee, J.
The action in this case is upon the same bond which was the foundation of the action in the case of Lewis Franklin’s adm'r against Patsy Depriest; but it was against another of the sureties and was at the relation of John E. Depriest as trustee of Patsy Depriest and her children and not at the felation of Patsy Depriest herself; and the object of the suit was to recover not Mrs. Depriest’s share of the hires of the slave Squire, but the sum of one hundred and twenty-five dollars and eighty-two cents with interest *275 on sixty dollars and sixty-two cents part thereof from the 31st of December 1833 until paid being the amount decreed to John R. Depriest as trustee for Mrs. Depriest and her children for so much found due to them from the executor on general account. The pleadings wTere the same as in the action against Franklin’s administrator and there was, as in that, a demurrer to the evidence. But losing sight of the breach alleged in the declaration the jury found a verdict for eight hundred and twenty-one dollars and* twenty cents with interest on four hundred and ninety dollars part thereof from the 31st of December 1847 till paid (being the precise amount decreed to Mrs. Depriest herself for her share of the hires of Squire) and the further sum of sixty-eight cents costs subject to the opinion of the court upon the demurrer to evidence. And the court being of opinion that the law upon this demurrer was for the plaintiff, rendered judgment for the penalty of the bond and costs to be discharged by payment of the amount so found by the jury and the costs.*
Now for reasons similar to those I have endeavored to assign for the judgment in the case of Franklin's adm'r against Patsy Depriest I think it very clear there was cause of action upon the bond for the amount decreed to be due Mrs. Depriest on general account and that the same was not barred by the statute of limitations; and as this amount was decreed to John R. Depriest as trustee for Mrs. Depriest and her children, there can be no doubt that to recover this particular amount, the suit was properly at his relation. For even one who was originally an equitable assignee only may maintain such an action if he has in his own *276 name brought suit and obtained a decree for the debt. Commonwealth v. Barstow, 3 B. Monr. R. 293. But it is at the same time perfectly clear that John E. Depriest cannot in this action recover the amount of Mrs. Depriest’s share of the hires of Squire. In fact the declaration makes no claim whatever on this account but by the only breach of the condition which it alleges, is expressly restricted to a demand of the one hundred and twenty-five dollars and eighty-two cents with interest on a part thereof decreed to John B. Depriest as trustee of Mrs. Depriest and her children for so much due them from the executor on the general account. And if the declaration had claimed the hires of Squire, still Jolin E. Depriest has shown no right to recover them in this action. Such an action is only to be maintained at the relation of the party having the legal right to the subject demanded or in whose name the judgment or decree was rendered. Garland v. Jacobs, 2 Leigh 651; Burnett v. Harwell, 3 Leigh 89. The decree for the hires was to Mrs. Depriest herself, and not to John E. Depriest, and concede (what I am not disposed to controvert) that if he had been appointed by competent authority, trustee for Mrs. Depriest as to these hires with power to demand sue for and recover them for her benefit, it would have authorized him to maintain an action for them at his own relation, yet nothing of the kind is shown here. It is true John E. Depriest was appointed trustee for Mrs. Depriest by an order made pending the cause in place of Edward B. Withers deceased who had replaced Eosser when by a previous order he had been removed as such trustee; but Eosser had been appointed the trustee by the will of Edward Wood in relation to the property given to Mrs. Depriest and her children by the will and the trust did not extend to the hires of Squire because as to him the testator died intestate. Hence the hires were decreed *277 directly to Mrs. Depriest (Turpin Depriest her husband being then dead) and not to John E. Depriest. It is clear therefore that he could not have recovered these hires even if the declaration had alleged as a breach the failure to pay them, and that the verdict improperly found for the plaintiffs the amount of them instead of the smaller sum due on the general account. And as the verdict must be set aside, judgment cannot now be given even for the amount which it appears the relator was entitled to recover.
There is still another error in the judgment which would render a reversal unavoidable. The judgment is against the plaintiffs individually when it should have been against them as administrators to be levied of the assets in their hands to be administered. As it must be reversed however for the reason already assigned, this error becomes immaterial.
I am of opinion to reverse the judgment, to set aside the verdict and the demurrer to evidence and remand the cause for a venire facias de novo.
The other judges concurred in the opinion of Dee , J.
Judgment reversed.

 Note by the Reporter. — It afterwards appeared that the error was not that of the jury or the court, but of the clerk, who in making up the record, put into it the verdict and judgment rendered in the previous caso instead of the one rendered in the cause.